# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| SCHOOL BOARD OF ST. MARY PARISH | * | CIVIL ACTION NO. 12-0551 |
| VERSUS | * | JUDGE DOHERTY |
| DUNE ENERGY, INC., ET AL | * | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING ON MOTION TO REMAND

Pending before the undersigned is the Motion to Remand filed by plaintiff, State of Louisiana ex rel St. Mary Parish School Board on March 30, 2012. [rec. doc. 11]. Defendants, Dune Energy, Inc., Dune Operating Company, and Chevron U.S.A., Inc., have filed opposition. [rec. doc. 13]. Plaintiff filed a reply on May 2, 2012. [rec. doc. 16].

Oral argument was held on the motion on May 16, 2012, after which the undersigned took the motion under advisement. [rec. doc. 17]. Plaintiff filed a Supplemental Post-Hearing Reply Memorandum on May 23, 2012. [rec. doc. 20]. For the following reasons, the motion is **GRANTED,** subject to a stay to allow for appeal.

## Background

On January 30, 2012, plaintiff, the State of Louisiana, ex rel Saint Mary Parish School Board (the "School Board") filed suit in the Sixteenth Judicial District Court for the Parish of St. Mary, State of Louisiana, against Dune Energy, Inc. and Dune Operating (collectively, "Dune"), and Chevron U.S.A. Inc. ("Chevron") for trespass on immovable property and rights attached thereto on Section 16 lands located in St. Mary Parish, Louisiana.

On August 15, 1934, the School Board entered into an "Oil and Gas Mining Lease" with The Texas Company ("Texaco") conveying subsurface exploration, drilling and production rights to roughly 500 acres it owned and in Section 16 in St. Mary Parish.  Thereafter, the School Board, Texaco and Texaco's successors entered into additional subsurface and surface leases from 1940 to 1981.

On March 23, 2000, Texaco entered into a "Surface Lease Use Agreement" with EnerVest Energy, L.P. whereby EnerVest assumed Texaco's surface lease rights and privileges on the subject property.   On October 9, 2001 Texaco merged with Chevron, which acquired Texaco's rights and obligations.  Subsequently, EnerVest transferred its rights under the Surface Lease Use Agreement to Goldking.

In March, 2007, Dune acquired certain Goldking properties and honored the Surface Lease Use Agreement with Chevron. According to the Complaint, when the terms of the surface lease expired on January 31, 2011, Chevron vacated the surface lease. However, Dune remained on the surface lease but refused to either vacate or renew the prior surface lease or enter into a new one, and refused to pay the School Board any rentals.

On June 3, 2011, the School Board put Dune on written notice of its trespass and demanded that Dune either vacate the surface lease or enter into a new one. By letter dated June 14, 2011, Dune, through its attorney, rejected the School Board's demands.

On January 30, 2012, the School Board filed an action for trespass, lease cancellation and a petitory action against Dune and Chevron in the 16th Judicial District Court, Parish of St. Mary, State of Louisiana. On March 1, 2012, defendants removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. In the Notice of Removal, defendants state that the School Board is a political subdivision of the State of Louisiana and is "a citizen separate from the state itself for the purposes of diversity jurisdiction."

On March 30, 2012, the School Board filed the instant motion to remand on the grounds that this action was improvidently removed, because the State of

Louisiana is not a "citizen" for diversity of citizenship purposes.

## Law and Analysis

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction is present for removal, the court considers the claims in the state court petition as they existed at the time of removal. *Id*.

Here, the School Board asserts that the State of Louisiana owns both the lands and the minerals at issue in this lawsuit, and has the right to sue for trespass on those lands. It further contends that the State is not a "citizen" for diversity-of-citizenship purposes. Accordingly, it argues, removal of this action from State court to this Court was improper.

In response, Dune and Chevron argue that the State of Louisiana's presence in this case is "nominal," and does not defeat diversity. Thus, they assert, the State of Louisiana is not a real party in interest to the School Board's action and should be disregarded for the purposes of diversity jurisdiction.

To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572

(5th Cir. 2004). Ordinarily "[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction." *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366 (5th Cir. 2006) (*quoting Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir.1995).

However, if the State is only a nominal party with no real interest in the dispute, its citizenship may be disregarded. *Id*. (*citing Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir.1985) ("In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit.").

"Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair inequitable . . . ." *Id*. at 366-67 (*quoting Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir.2006) (internal quotations omitted). An alternate articulation of the test is whether or not a named party's "role in the law suit is that of a depositary or stakeholder." *Id*. (*citing Tri-Cities Newspapers, Inc. v.*

*Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir.1970) (internal quotations omitted). The court takes practical considerations into account in making this determination. *Id*. (*quoting Shaughnessy v. Pedreiro*, 349 U.S. 48, 54, 75 S.Ct. 591, 99 L.Ed. 868 (1955)) ("Our former cases have established a policy under which indispensability of parties is determined on practical considerations.").

The property at issue in this lawsuit involves Section 16 lands. In 1806, the United States Congress set aside and dedicated for the use of public education Section 16 lands. *Vermilion Parish School Bd. v. ConocoPhillips Co.*, 11-999 (La. App. 3 Cir. Feb. 1, 2012; 83 So.3d 1234 (*citing State v. Humble Oil and Ref. Co.*, 195 La. 457, 197 So. 140 (1940)). After Louisiana was admitted to the Union in 1812, title to the lands was vested in the State. *Id*. The Louisiana Supreme Court recognized that Section 16 lands are unique because they are a separate and distinct part of public lands and that the administration of those lands has always been separate and apart from the administration of other public lands. *Id*. at 1237-38 (*citing Humble Oil and Ref. Co.*, 197 So. 140). "For more than one hundred years it has been the settled policy of this State, as reflected in various constitutional and statutory provisions, to treat sixteenth section lands as separate and distinct from all other State lands and to place them under the control of the

school authorities." *Id*. (*citing Humble Oil and Ref. Co.* at 144).

Section 16 lands are held by the State of Louisiana in trust for the benefit of school children. *Ebey v. Avoyelles Parish School Board*, 03–765 (La.App. 3 Cir. 12/17/03); 861 So.2d 910, *writ denied*, 04–196 (La.3/26/04), 871 So.2d 349. The management of these trust lands is vested by the State in the local school boards. *Id*. at 914 (*citing* La. R.S. 17:100.6 and La. R.S. 41:638). The school board is not the true owner of Section 16 lands; the State of Louisiana is the true of owner of Section 16 lands. The State merely vests the *management* (as opposed to the ownership) of these trust lands in local school boards. *Id*. The Fifth Circuit has recognized that Section 16 lands are owned by the State because specific authority is granted to the school boards regarding the lands, which would not be necessary if school boards owned the lands. *School Board of Avoyelles Parish v. U.S. Department of Interior*, 647 F.3d 570, 577 (5th Cir. 2011) (*citing Ebey*, 861 So.2d at 914).

Louisiana's statutes further evidence that the State is the true owner of Section 16 lands. Louisiana Revised Statutes 41:961, involving an action by a school board for the recovery of title and damage for trespass as in this case, specifically provides that title to Section 16 lands still vests in the State:

> The school boards of the various parishes of the state may contract with and employ on the part of the State of Louisiana, attorneys at law, to recover for the state, damages for trespass to *the sixteenth section known as school lands the title to which is still in the state*. Each of the boards may make these contracts for the lands situated in its own parish and no others. The school boards may also sue for and recover the sixteenth section known as school lands.

(emphasis added).

Dune and Chevron argue that in this case, the State of Louisiana is a mere nominal party with no real interest in the dispute. However, the Fifth Circuit has expressly recognized that Louisiana, as the landowner, has more than a nominal interest in the treatment of Section 16 lands. *School Bd. of Avoyelles Parish,* 647 F.3d at 578; *Union Oil*, *supra*, 458 F.3d at 367.

Interestingly, in *Union Oil*, which was cited by defendants (and in which defense counsel's law firm participated), albeit for another principle, the district court certified the same question of law involved in the instant motion, which the district court posed as follows: "Is the State of Louisiana a real party in interest for the purposes of determining diversity removal jurisdiction in a suit for damages to Sixteenth Section school lands filed in the name of the State pursuant to the authority granted to Louisiana School Boards in Louisiana Revised Statutes 41:961 through 965?" *Id*. at 366.  The Fifth Circuit answered the question affirmatively, holding that as the fee title owner of the Section 16 lands, the State

of Louisiana was a real party in interest, the presence of which defeated diversity jurisdiction. *Id.* at 367.

In their opposition, defendants cite *Terrebonne Parish School Bd. v. Southdown*, 2003-0402 (La. App. 1 Cir. July 14, 2004); 887 So.2d 8, in which the court held that the state's constitutional immunity from prescription did not apply to the school board's suit for damages to Section 16 lands where the action was not brought by the state, but by a separate state agency. Defendants also attempt to distinguish *Vermilion Parish School Board*, *supra*, cited by plaintiff, which held the opposite, namely, that the school board was immune from prescription because of ownership of Section 16 lands by the State.

While the parties suggest that a split exists within the state circuit courts on this issue, that is of no moment to this Court. Both cases are distinguishable, as they dealt with the issue of prescription, not diversity removal jurisdiction. However, *Union Oil*, which is a Fifth Circuit case and the controlling authority for this Court, is directly on point.

In *Union Oil*, the State of Louisiana and the Vermilion Parish School Board brought suit against four oil companies, including Chevron, for alleged breach of contract, negligence, strict liability, and trespass arising out of exploration activities conducted on Section 16 lands. The oil companies removed to federal

court based on diversity jurisdiction. The school board filed motions to remand, arguing that diversity jurisdiction did not exist because the State was a real party in interest.

The Fifth Circuit concluded that the State was a real party in interest, the presence of which defeated diversity jurisdiction. In reaching this determination, the court reasoned that the State owned the land, and the school board brought its trespass claims on behalf of the State under La. R.S. 41:961. The court further found that because the State was the fee title owner of the Section 16 lands involved in the lawsuit, the State had more than a "nominal" interest in the property it owned. *Id*. at 367.

Additionally, the court noted that not only did Louisiana own the land, but it also had a continuing obligation to ensure that any monies the school board might obtain as a result of the suit were used for school purposes under La. R.S. 41:965.[1] In support of this finding, the court cited *Humble Oil and Refining Co.*, *supra*, as follows:

> The history of the sixteenth section lands reveals that the Federal Government set aside and dedicated them for the use of public

---

[1] La. R.S. 41:965 provides as follows: "The amount recovered for the state shall, after deducting and paying the attorneys' fees and all other lawful costs and charges, be paid into the state treasury, to be kept on the books of the State Auditor and State Treasurer, to the credit of the township in which the land is situated, in the same manner as now provided by law for the proceeds of the sale of sixteenth sections."

education, and it was not until many years after this State [of Louisiana] was admitted into the Union that the title to the lands was finally determined. *If it be conceded that the title to these sixteenth sections is in the State, there is a moral, if not a clear legal obligation, resting upon the State to dedicate the revenues derived from such lands to public education*.

(emphasis added). *Id*. 458 F.3d at 367.

Based on these authorities, the Fifth Circuit held that the State of Louisiana was a real party in interest to this suit, not a mere depositary, due to its ongoing "moral obligation." Id. at 367. Accordingly, the court remanded the case.

Here, the School Board brought this trespass suit on behalf of the State. Clearly, Section 16 lands are owned by the State. The Louisiana statutes and controlling authority from the Fifth Circuit provide that Section 16 lands are owned by the State with school boards given some administrative authority over lands. Accordingly, the Court finds that the State of Louisiana is a real party in interest in this suit, the presence of which defeats diversity jurisdiction.

## Conclusion

For the foregoing reasons, the motion to remand is **GRANTED,** subject to the stay provided in the Judgment signed contemporaneously herewith.

Signed June 7, 2012 at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE