UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

YOLANDA YOUNG, ET AL.                CIVIL ACTION NO. 6:12-CV-00551

VERSUS                                JUDGE DOHERTY

LOUIS ACKAL, ET AL.                   MAGISTRATE JUDGE HANNA

### RULE 7(a) HEIGHTENED PLEADING REVIEW

In this §1983 civil rights suit, the plaintiff sued the following defendants: Iberia Parish Sheriff Louis Ackal and two of his deputies, Deputy Broussard and Deputy Garcia. An answer was filed on behalf of Sheriff Ackal and Deputy Carmen Garcia. In their answer, Sheriff Ackal and Deputy Garcia pleaded qualified immunity. The undersigned has therefore conducted an evaluation of the plaintiffs' complaint to determine whether it meets the applicable heightened pleading requirement.[1]

The plaintiffs allege that, on or about September 23 and September 25, 2011, a group of people were gathered near the corner of Hopkins Street and Roberson Street in New Iberia, Louisiana, celebrating the Sugar Cane Festival by eating, visiting, listening to music, and dancing. They further allege that Sheriff Ackal

---

[1] *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

dispatched deputies to the place where the plaintiffs were gathered and dispersed the crowd by spraying them with tear gas, causing panic as well as discomfort, nausea, and physical pain.  The plaintiffs claim that using tear gas on the crowd constituted excessive force in violation of their constitutional rights.

When an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).  In this case, the defendants' answer asserts a qualified immunity defense.  (Rec. Doc. 5 at 3).  As suggested in *Schultea*, this Court will require the plaintiffs to file a reply to the defendants' answer, pursuant to Rule 7(a) of the Federal Rules of Civil Procedure.  Accordingly,

IT IS HEREBY ORDERED that, not later than twenty-one days after the date of this order, the plaintiffs shall file a reply to the qualified immunity defense pleaded by the defendants.  The reply must allege with specificity the constitutional rights that were violated, the facts that support these allegations, the persons involved in these alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable.

IT IS FURTHER ORDERED that the defendants shall not file any response to plaintiffs' reply; any response filed will be disregarded.

The purpose of this order is to determine whether discovery should be banned or limited pending the filing by the defendants of a motion to dismiss under Rule 12(b), or, alternatively, a motion for summary judgment. This process does not absolve the defendants from filing a timely motion to dismiss or a motion for summary judgment on the qualified immunity issue.[2]

Signed at Lafayette, Louisiana on this 4th day of January 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[2] "The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56." *Schultea*, 47 F.3d at 1434.